Daniel S. Robinson (SBN 244245)
Wesley K. Polischuk (SBN 254121)
Michael W. Olson (SBN 312857)
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Drive
Newport Beach, CA 92660
(949) 720-1288; Fax (949) 720-1292
drobinson@robinsonfirm.com
wpolischuk@robinsonfirm.com
molson@robinsonfirm.com

Jean S. Martin (*Pro Hac Vice Forthcoming*)
Francesca K. Burne (*Pro Hac Vice Forthcoming*)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
 (813) 559-4908; Fax (813) 223-5402
jeanmartin@forthepeople.com
fburne@forthepeople.com

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RHUMM, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EP GLOBAL PRODUCTION SOLUTIONS, LLC, a Delaware Limited Liability Company; and ENTERTAINMENT PARTNERS, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff William Rhumm ("Plaintiff"), individually, and on behalf of the class defined below, brings this class action complaint against Defendant EP Global Production Solutions, LLC and Defendant Entertainment Partners, LLC (collectively, "Entertainment Partners" or "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.     Entertainment Partners is a major payroll and software company that offers production companies integrated, cloud-based digital solutions supporting every phase of production, including processing employee payroll for more than 420,000 production employees and writing more than 9.6 million paychecks annually in North America for the entertainment industry.

2.     On June 30, 2023, Entertainment Partners detected suspicious activity within a limited area of its computer network that supports a subset of its accounting applications and subsequently discovered that a sophisticated threat actor acquired database files containing the highly sensitive, personal information it collects from customers and personnel working in the entertainment industry ("Data Breach").

3.     The Data Breach compromised the "personally identifiable information" belonging to these individuals, including at least their names, addresses, Social Security numbers, and tax identification numbers ("Personal Information"). As a result, Plaintiff and proposed Class members no longer have control over their most sensitive information, cannot stop others from viewing it, and cannot prevent criminals from misusing it.

4.     According to a submission Entertainment Partners made to the Office of the Maine Attorney General on August 11, 2023, the Data Breach compromised the Personal Information of at least 471,362 individuals.

5.     As a result of the Data Breach, Plaintiff and Class members are now at an increased lifelong risk for identity theft and fraud. Indeed, the Data Breach included information individuals cannot change, like their Social Security numbers, and information that is a gold mine for cybercriminals, like their tax identification numbers.

1

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

6.      Entertainment Partners exacerbated the harm Plaintiff and Class Members are suffering and will continue to suffer by failing to adequately and transparently notify them about the Data Breach.

7.      As described herein, individuals who received notification letters from Entertainment Partners regarding the Data Breach ("Notice") are left confused and afraid for their personal and financial safety.

8.      The Data Breach was a direct result of Defendants' failure to implement adequate and reasonable cybersecurity procedures and protocols necessary to protect Plaintiff's and Class members' Personal Information. In particular, the Personal Information was maintained on Defendants' computer network in a condition vulnerable to cyberattacks. Upon information and belief, the mechanism of the cyberattack and potential for improper disclosure of Plaintiff's and Class members' Personal Information was a known risk to Defendants, and thus Defendants are on notice that failing to take reasonable steps necessary to secure the Personal Information from those risks left that property in a vulnerable position.

9.      Defendants know they have duties to safeguard Plaintiff's and Class members' Personal Information.

10.     Individuals using their services, like Plaintiff, relied on Entertainment Partners to fulfill its duties when they agreed to use Entertainment Partners' services, and they would not have used Entertainment Partners' services if Entertainment Partners had not promised to protect their Personal Information.

11.     On information and belief, Entertainment Partners failed to adequately train its employees on reasonable cybersecurity protocols or implement reasonable security measures, causing it to lose control over the access to Plaintiff's and Class Members' Personal Information. Entertainment Partners' negligence is evidenced by its failure to prevent, detect or stop the Data Breach before criminals gained access to Entertainment Partners' systems and stole the information belonging to Plaintiff and Class Members.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

12.     Plaintiff brings this class action lawsuit on behalf of those similarly situated to address Defendants' inadequate safeguarding of Plaintiff's and Class members' Personal Information that Defendants collected and maintained, and for failing to provide timely and adequate notice to Plaintiff and Class Members that their information had been subject to the unauthorized access of an unknown third party and precisely what specific type of information was accessed.

13.     Plaintiff, on behalf of all others similarly situated, alleges claims for (1) negligence; (2) breach of implied contract; (3) invasion of privacy; (4) breach of confidence; (5) Unjust Enrichment; and (6) violation of the California Unfair Competition Law (Cal. Business & Professions Code § 17200, et seq.) for unlawful business practice.

14.     Plaintiff seeks remedies including, but not limited to, compensatory damages for identity theft, fraud, and time spent, reimbursement of out-of-pocket costs, adequate credit monitoring services funded by Defendants, and injunctive relief including improvements to Defendants' data security systems and practices to ensure they have reasonably sufficient security practices to safeguard its customers' Personal Information that remains in Defendants' custody to prevent incidents like the Data Breach from reoccurring in the future.

## PARTIES

15.     Plaintiff William Rhumm is a resident and citizen of New Jersey.

16.     Defendant EP Global Production Solutions, LLC is a Delaware limited liability company with its principal place of business, headquarters, membership, and management located at 2950 North Hollywood Way, Burbank, California.

17.     Defendant Entertainment Partners, LLC is a Delaware limited liability company with its principal place of business, headquarters, membership, and management located at 2950 North Hollywood Way, Burbank, California.

18.     Upon information and belief, Plaintiff alleges that each of the Defendants was and is an agent of the other Defendants.  Each Defendant, in acting or omitting to

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

act as alleged in this Complaint, was acting in the course and scope of its actual or apparent authority pursuant to such agencies, and/or the alleged acts or omissions of each Defendant as agent were subsequently ratified and adopted by each agent as principal. Each Defendant, in acting or omitting to act as alleged in this Complaint, was acting through its agents, and is liable on the basis of the acts and omissions of its agents.

19.     Upon information and belief, Plaintiff alleges that at all times mentioned herein there existed a unity of interest in ownership between Defendants, such that the individuality and separateness between them ceased where they were the alter ego of one another, in that, among other things, each Defendant controlled, dominated, managed and operated the other Defendant as its alter ego.

20.     Upon information and belief, Defendants should have, would have, and did perform cybersecurity due diligence prior to being acquired by private equity firm TPG Inc. in or around March 2019, consistent with industry standard, which would include researching undisclosed or unknown data breaches, as well as identifying information technology ("IT") security risks and shortfalls in operations and governance of the target company, the results of which should have or would have been shared with Defendants.

21.     Upon information and belief, Defendants could have, would have, and did retain respective financial advisors and legal counsel to analyze business records and make a financial assessment of the acquisition, which would have or should have included retaining a cybersecurity analyst to audit Defendants' information security risks and shortfalls, IT operations, technology and governance, the results of which would have been shared with Defendants.

22.     Upon information and belief, Defendants either failed to engage in the above-described due diligence or failed to take appropriate and necessary measures as a result of the due diligence that would have protected the Personal Information of Plaintiff and Class members.

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

23.     Upon information and belief, Defendants exercise direct control over one another, derives profit from one another's services, and takes an active role in the development, distribution, management, and marketing of each other's services.

24.     Upon information and belief, Defendants intentionally, willfully, recklessly, or negligently failed to take adequate and reasonable measures to ensure Defendants data systems were protected against unauthorized intrusions, even though it knew or should have known as a result of the due diligence prior to the acquisition of Defendants, resulting in the Data Breach.

25.     The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged herein are currently unknown to Plaintiff. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

## **JURISDICTION AND VENUE**

26.     The Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.§ 1332 (d).   The amount in controversy exceeds $5,000,000 exclusive of interest and costs, there are more than one hundred putative class members, and at least one putative class member is a citizen of a different state than Defendant.

27.     This Court has personal jurisdiction over Defendants because Defendants maintain their principal place of business in this District and are authorized to and does conduct substantial business in this District.

28.     Venue is proper in this Court because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in, was directed to, and/or emanated from this District, Defendants are based in this District, Defendants maintains Plaintiff's information in this District, and has caused harm to Class Members residing in this District.

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## **FACTUAL BACKGROUND**

**A. Defendants Collect and Promise to Protect the Personal Information of More Than 420,000 Production Employees**

29.　Defendants offer production companies cloud-based production finance and production management. On its website, Defendants tout its cloud-based technologies as able to support "every phase of production" in entertainment.

30.　Defendants process payroll for companies and claims to handle the compensation for more than 420,000 production employees annually.

31.　To operate its business, Defendants must collect and store Personal Information from the personnel working on the productions it services.

32.　As a result, Defendants require these individuals to disclose their Personal Information to receive Defendants' services, including their Social Security numbers and tax identification numbers.

33.　 In so doing, Defendants implicitly promise those individuals it will protect their information under state and federal law and its internal policies.

34.　Upon information and belief, Defendants never implemented the security safeguards necessary to fulfill those duties, failing to adequately train its employees on data security, develop policies to prevent breaches, enforce those policies, follow industry standard guidelines on cybersecurity, and timely respond to data breaches and inform affected individuals as required by law.

35.　As a result, Defendants left Plaintiff and Class members' Personal Information a knowingly unguarded target for theft and misuse.

**B. Defendants Violated Their Duties to Plaintiff and Class Members**

36.　On June 30, 2023, Defendants detected suspicious activity within its computer network that supports its accounting applications. After engaging cybersecurity experts and law enforcement, Defendants determined that a threat actor "evaded [its] cybersecurity defenses and acquired database files containing . . . personal information."

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

37.     In other words, Defendants experienced a data breach by cybercriminals, who bypassed Defendants' lax security and infiltrated its systems.

38.     Once inside, hackers acquired Plaintiff and Class members' Personal Information, including their Social Security numbers and tax identification numbers.

39.     Defendants claim in its Notice that it eventually "recovered the database files[,]" but omits the fact that the cybercriminals had already view, accessed, acquired, copied, and extracted the information they specifically targeted to perform identity theft.

40.     According to its submission made to the Office of the Maine Attorney General, Defendants failed to discover the Data Breach until July 15, 2023, despite first identifying the suspicious activity more than two weeks prior on June 30, 2023.

41.     Defendants did not appropriately warn Plaintiff and Class members that it lost control over their data. This deception means individuals will continue to work with Defendants providing their Personal Information to an unsecure company and Defendants will continue to collect revenue associated with its business.

42.     Indeed, as of the filing of this Complaint, numerous potential class members have taken to online forums to express confusion over the legitimacy of the Notice they received. To date, Defendants have made any attempt to make information regarding the scope of the Data Breach publicly available.

43.     In its Notice, Defendants vaguely encouraged Plaintiff and Class members to use public resources to monitor their account statements and credit reports for unauthorized activity.

44.     In other words, Defendants encouraged Plaintiff and Class members to spend time and resources mitigating the harm resulting from the Data Breach while providing no details as to the scope or severity.

45.     Defendants foresaw the harm that would result from the Data Breach; indeed as Plaintiff has suffered harm following Defendants' Data Breach.

/ / /

**C. Plaintiff's Experience**

46.     Plaintiff Rhumm used Defendants for payroll services approximately fifteen years ago. As a result, Plaintiff, either directly or indirectly, provided his Personal Information to Defendants.

47.     Plaintiff is a victim of the Data Breach, having received Defendants' Notice in August 2023.

48.     Plaintiff provided his Personal Information, including his Social Security number and other financial information, to Defendants and trusted that Defendants would use reasonable measures to protect it. Plaintiff expected that information would be protected according to state and federal law and any applicable internal policies at Entertainment Partners.

49.     Upon information and belief, cybercriminals not only viewed Plaintiff's Personal Information, but actually acquired it, causing actual and concrete harm to Plaintiff. Plaintiff's risk of identity theft and fraud is certain and imminent.

50.     To deal with this substantially increased risk of fraud and identity theft, Plaintiff has devoted several hours attempting to mitigate the harm caused by the Data Breach.

51.     Indeed, Plaintiff has and will spend considerable time and effort monitoring his accounts to protect himself from identity theft. Plaintiff fears for his personal financial security and uncertainty over what Personal Information was exposed in the Data Breach.

52.     Plaintiff has and is experiencing feelings of anxiety, stress, fear, and frustration because of the Data Breach. The fear stems from the fact that his highly sensitive Personal Information is in criminal hands, who have already misused his information. These emotional harms go far beyond allegations of mere worry or inconvenience; it is exactly the sort of injury and harm to a Data Breach victim that the law contemplates and addresses.

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

53.     Plaintiff will continue to be at present, imminent, and continued increased risk of identity theft and fraud for years to come.

54.     Plaintiff has a continuing interest in ensuring that his Personal Information, which is the type that cannot be changed and upon information and belief remains in Defendants' possession, is protected and safeguarded from future breaches.

55.     Defendants have not represented whether business practices changes have been implemented to prevent against further data breaches—even at a high level that would not jeopardize its security infrastructure.

**D. Plaintiff and the Proposed Class Face Significant Risk of Continued Identity Theft**

56.     Plaintiff and Class Members have suffered injury from the misuse of their Personal Information that can be directly traced to Defendants' conduct and the resulting Data Breach.

57.     As a result of Defendants' failure to prevent the Data Breach, Plaintiff and the proposed Class have suffered and will continue to suffer damages, including monetary losses, lost time, anxiety, and emotional distress. They have suffered or are at an increased risk of suffering:

a. The loss of the opportunity to control how their Personal Information is used;

b. The compromise and continuing publication of their Personal Information;

c. Out-of-pocket costs associated with the prevention, detection, recovery, and remediation from identity theft or fraud;

d. Lost opportunity costs and lost wages associated with the time and effort expended addressing and attempting to mitigate the actual and future consequences of the Data Breach, including, but not limited to, efforts spent researching how to prevent, detect, contest, and recover from identity theft and fraud;

  e. Delay in receipt of tax refund monies;

  f. Unauthorized use of stolen Personal Information; and

  g. The continued increased risk to their Personal Information, which remains in the possession of Defendants is subject to further breaches so long as Defendants fail to undertake the appropriate measures to protect the Personal Information in their possession.

58. Defendants acknowledge as much in the Notice, recommending Plaintiff and Class members take, in part, the following steps in response to the Data Breach:

  a. Review your Credit Reports;

  b. Place Fraud Alerts;

  c. Place Security Freezes;

  d. Monitor Your Account Statements;

  e. Educate yourself regarding identity theft, fraud alerts, security freezes, and the steps you can take to protect yourself, by contacting the consumer reporting agencies, your state Attorney General, or the Federal Trade Commission (FTC).

59. Stolen Personal Information is one of the most valuable commodities on the criminal information black market. According to Experian, a credit-monitoring service, stolen Personal Information can be worth up to $1,000.00 depending on the type of information obtained. Thus, criminals willingly pay money for access to Personal Information, which enables those criminals to commit fraud and identity theft to the detriment of employees and consumers, including Plaintiff and members of the Class.

60. The value of Plaintiff's and the proposed Class's Personal Information on the black market is considerable. Stolen Personal Information trades on the black market for years, and criminals frequently post stolen private information openly and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

directly on various "dark web" internet websites, making the information publicly available, for a substantial fee of course.

61.    It can take victims years to spot identity or Personal Information theft, giving criminals plenty of time to use that information for cash.

62.    One such example of criminals using Personal Information for profit is the development of "Fullz" packages.

63.    Cyber-criminals can cross-reference two sources of Personal Information to marry unregulated data available elsewhere to criminally stolen data with an astonishingly complete scope and degree of accuracy in order to assemble complete dossiers on individuals. These dossiers are known as "Fullz" packages.

64.    The development of "Fullz" packages means that stolen Personal Information from the Data Breach can easily be used to link and identify it to Plaintiff's and the proposed Class's phone numbers, email addresses, and other sources and identifiers. In other words, even if certain information such as emails, phone numbers, or credit card numbers may not be included in the Personal Information stolen by the cyber-criminals in the Data Breach, criminals can easily create a Fullz package and sell it at a higher price to unscrupulous operators and criminals (such as illegal and scam telemarketers) over and over. That is exactly what is happening to Plaintiff and members of the proposed Class, and it is reasonable for any trier of fact, including this Court or a jury, to find that Plaintiff and other members of the proposed Class's stolen Personal Information are being misused, and that such misuse is fairly traceable to the Data Breach.

65.    Defendants disclosed the Personal Information of Plaintiff and members of the proposed Class to unauthorized third parties to use in the conduct of criminal activity. Specifically, Defendants exposed the Personal Information of the Plaintiff and members of the proposed Class to people engaged in disruptive and unlawful business practices and tactics, including online account hacking, unauthorized use of financial accounts, and fraudulent attempts to open unauthorized financial accounts (i.e., identity

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

fraud), all using the stolen Personal Information.

66.     Defendants' failure to properly notify Plaintiff and members of the proposed Class of the Data Breach exacerbated Plaintiff's and members of the proposed Class's injury by depriving them of the earliest ability to take appropriate measures to protect their Personal Information and take other necessary steps to mitigate the harm caused by the Data Breach.

67.     Had Defendants properly notified Plaintiff and members of the proposed Class of the Data Breach, Plaintiff and members of the proposed Class could have taken proactive, rather than reactive, mitigating measures.

**E.  Defendants failed to adhere to FTC guidelines.**

68.     According to the Federal Trade Commission ("FTC"), the need for data security should be factored into all business decision-making.  To that end, the FTC has issued numerous guidelines identifying best data security practices that businesses, such as Defendants, should employ to protect against the unlawful exposure of Personal Information.

69.     In 2016, the FTC updated its publication, Protecting Personal Information: A Guide for Business, which established guidelines for fundamental data security principles and practices for business.  The guidelines explain that businesses should:

> a.  protect the personal customer information that they keep;
>
> b.  properly dispose of personal information that is no longer needed;
>
> c.  encrypt information stored on computer networks;
>
> d.  understand their network's vulnerabilities; and
>
> e.  implement policies to correct security problems.

70.     The guidelines also recommend that businesses watch for large amounts of data being transmitted from the system and have a response plan ready in the event of a breach.

71.     The FTC recommends that companies not maintain information longer than is needed for authorization of a transaction; limit access to sensitive data; require

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

complex passwords to be used on networks; use industry-tested methods for security; monitor for suspicious activity on the network; and verify that third-party service providers have implemented reasonable security measures.

72.     The FTC has brought enforcement actions against businesses for failing to adequately and reasonably protect customer data, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations.

73.     Defendants failed to protect the personal information it kept, and certainly failed to properly dispose of personal information that is no longer needed, as evidenced by Defendants maintaining Plaintiff's Personal Information in its computer systems approximately fifteen years after he used their services.

74.     Defendants failure to employ reasonable and appropriate measures to protect against unauthorized access to consumers' Personal Information constitutes an unfair act or practice prohibited by Section 5 of the FTCA, 15 U.S.C. § 45.

## **CLASS REPRESENTATION ALLEGATIONS**

75.     Plaintiff brings this suit on behalf of himself and a class of similarly situated individuals under Federal Rule of Civil Procedure 23 on behalf of a class preliminarily defined as:

> All individuals in the United States whose Personal Information was compromised in the Data Breach, including all individuals who were sent a Notice of the Data Breach.

> Excluded from the class are all employees, officers, and directors of Defendant, as well as any judges presiding over this matter and court personnel assigned to this case.

/ / /

13

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

76.    **Numerosity**: The Class Members are so numerous that joinder of all members is impracticable. The exact number and identities of Class Members are presently unknown at this time, but believed to be, at least, 471,362 individuals according to the submission Defendants made to the Office of the Maine Attorney General. The identities of Class Members are ascertainable through Defedants' records, Class Members' records, publication notice, self-identification, and other means.

77.    **Commonality:** Common questions of law and fact exist as to all Class Members. These common questions of law or fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

(a) Whether Defendants violated state and federal laws by failing to properly store, secure, and dispose of Plaintiff's and Class Members' Personal Information;

(b) Whether Defendants failed to employ reasonable and adequate data and cybersecurity measures in compliance with applicable state and federal regulations;

(c) Whether Defendants acted willfully, recklessly, or negligently with regard to securing Plaintiff's and Class Members' Personal Information;

(d) How the Data Breach occurred;

(e) Whether Defendants failed to adequately notify Plaintiff and Class Members of the Data Breach;

(f) Whether Plaintiff and Class Members are entitled to restitution, damages, compensation, or other monetary relief; and

(g) Whether Plaintiff and Class Members are entitled to injunctive and declaratory relief necessary to secure their Personal Information from further intrusion, exposure, and misuse.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

78.     Common sources of evidence may also be used to demonstrate Defendants' unlawful conduct on a class-wide basis, including, but not limited to, documents and testimony about its data and cybersecurity measures (or lack thereof); testing and other methods that can prove Defendants' data and cybersecurity systems have been or remain inadequate; documents and testimony about the source, cause, and extent of the Data Breach; and documents and testimony about any remedial efforts undertaken as a result of the Data Breach.

79.     **Typicality:** Plaintiff's claims are typical of the claims of the respective Class he seeks to represent, in that the named Plaintiff and all members of the proposed Class have suffered similar injuries as a result of the same practices alleged herein. Plaintiff has no interests adverse to the interests of the other members of the Class.

80.     **Policies Generally Applicable to the Class**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply to and affect Class Members uniformly and Plaintiff's challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

81.     **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class and have retained attorneys well experienced in class actions and complex litigation as their counsel, including cases alleging consumer protection and data privacy claims arising from data breaches.

82.     **Superiority and Manageability:** Plaintiff avers that the prosecution of separate actions by the individual members of the proposed Class would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; that the prosecution of separate actions by individual class members would create a risk of adjudications with respect to them which would, as a

practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; that Defendants have acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief described herein appropriate with respect to the proposed Class as a whole; that questions of law or fact common to the Class predominate over any questions affecting only individual members and that class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy which is the subject of this action. Plaintiff further state that the interests of judicial economy will be served by concentrating litigation concerning these claims in this Court, and that the management of the Class will not be difficult.

83.     The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because Defendants would necessarily gain an unconscionable advantage since Defendants would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

84.     Defendants are based in Burbank, California, and on information and belief, all managerial decisions emanate from there, the representations made by Defendants originated from California, and therefore application of California law to the Nationwide Class is appropriate.

85.     The litigation of the claims brought herein is manageable. Defendants' uniform conduct, the consistent provisions of the relevant laws, and the ascertainable

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

identities of Class members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

86.     Adequate notice can be given to Class Members directly using information maintained in Defendants' records.

87.     Unless a Class-wide injunction is issued, Plaintiffs and Class members remain at risk that Defendants will continue to fail to properly secure the Personal Information of Plaintiffs and Class Members resulting in another data breach, continue to refuse to provide proper notification to Class Members regarding the Data Breach, and continue to act unlawfully as set forth in this Complaint.

88.     Defendants have acted or refused to act on grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

89.     Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to the following:

     a)  Whether Defendants owed a legal duty to Plaintiffs and Class Members to exercise due care in collecting, storing, using, and safeguarding their Personal Information;

     b)  Whether Defendants breached a legal duty to Plaintiffs and Class Members to exercise due care in collecting, storing, using, and safeguarding their Personal Information;

     c)  Whether Defendants failed to comply with their own policies and applicable laws, regulations, and industry standards relating to data security;

     d)  Whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of

the information compromised in the Data Breach; and

e) Whether Class Members are entitled to actual damages, credit monitoring or other injunctive relief, and/or punitive damages as a result of Defendants' wrongful conduct.

90. Plaintiff and other members of the Class have suffered injury, harm, and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, Defendants will continue to maintain Class members' Personal Information that could be subject to future breaches due to lax or non-existent cybersecurity measures, and such unlawful and improper conduct should not go unchecked nor remedied.

91. Absent a class action, the members of the Class will not be able to effectively litigate these claims and will suffer further harm and losses, as Defendants will be allowed to continue such conduct with impunity and benefit from its unlawful conduct.

## CLAIMS FOR RELIEF

## COUNT I

**Negligence**
**On behalf of Plaintiff and the Class**

92. Plaintiff restates and realleges all of the foregoing Paragraphs as if fully set forth herein.

93. Plaintiff and the Class entrusted their Personal Information to Defendants on the premise and with the understanding that Defendants would safeguard their information, use their Personal Information for business purposes only, and/or not disclose their Personal Information to unauthorized third parties.

94. Defendants have full knowledge of the sensitivity of the Personal Information and the types of harm that Plaintiff and the Class could and would suffer if the Personal Information were wrongfully disclosed.

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

95.     Defendants knew or reasonably should have known that the failure to exercise due care in the collecting, storing, and using of the Personal Information of Plaintiff and the Class involved an unreasonable risk of harm to Plaintiff and the Nationwide Class.

96.     Defendants had a duty to exercise reasonable care in safeguarding, securing, and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties. This duty includes, among other things, configuring, maintaining, and testing Defendant's security protocols to ensure that the Personal Information of Plaintiff and the Class in Defendant's possession was adequately secured and protected.

97.     Defendants also had a duty to exercise appropriate clearinghouse practices to remove job applicants' or employees' Personal Information it was no longer required to retain pursuant to regulations.

98.     Defendants also had a duty to have procedures in place to detect and prevent the improper access and misuse of the Personal Information of Plaintiff and the Class.

99.     Defendants' duty to use reasonable security measures arose as a result of the relationship that existed between Defendants and Plaintiff and the Class.  That relationship arose because Plaintiff and the Class entrusted Defendants with their confidential Personal Information, a necessary part of using Defendant's services.

100.    Defendants were subject to an independent duty, untethered to any contract between Defendants and Plaintiff or the Class.

101.    A breach of security, unauthorized access, and resulting injury to Plaintiff and the Class was reasonably foreseeable, particularly in light of Defendants' inadequate security practices.

102.    Plaintiff and the Class were the foreseeable and probable victims of any inadequate security practices and procedures.  Defendants knew or should have known of the inherent risks in collecting and storing the Personal Information of Plaintiff and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

the Class, the critical importance of providing adequate security of that Personal Information, and the necessity for encrypting it.

103.   Defendants' own conduct created a foreseeable risk of harm to Plaintiff and the Class. Defendant's misconduct included, but was not limited to, its failure to properly configure its network, which held Plaintiff's and Class members' sensitive Personal Information, to disallow public access. Defendant's misconduct also included its decisions not to comply with industry standards for the safekeeping of the Personal Information of Plaintiff and the Class, including basic encryption techniques freely available to Defendant.

104.   Plaintiff and the Class had no ability to protect their Personal Information that was in, and possibly remains in, Defendant's possession.

105.   Defendants were in a position to protect against the harm suffered by Plaintiff and the Class as a result of the Data Breach.

106.   Defendants had and continue to have a duty to adequately disclose that the Personal Information of Plaintiff and the Class within Defendant's possession was compromised, how it was compromised, and precisely the types of data that were compromised and when. Such notice was necessary to allow Plaintiff and the Class to take steps to prevent, mitigate, and repair any identity theft and the fraudulent use of their Personal Information by third parties.

107.   Defendants had a duty to employ proper procedures to prevent the unauthorized dissemination of the Personal Information of Plaintiff and the Class.

108.   Defendants, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and the Class by failing to implement industry protocols and exercise reasonable care in protecting and safeguarding the Personal Information of Plaintiff and the Class during the time the Personal Information was within Defendant's possession or control.

109.   Defendants improperly and inadequately safeguarded the Personal Information of Plaintiff and the Class in deviation of standard industry rules,

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

regulations, and practices at the time of the Data Breach.

110.    Defendants failed to heed industry warnings and alerts to provide adequate safeguards to protect the Personal Information of Plaintiff and the Nationwide Class in the face of increased risk of theft.

111.    Defendants, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and the Class by failing to have appropriate procedures in place to detect and prevent dissemination of Personal Information.

112.    Defendants breached its duty to exercise appropriate clearinghouse practices by failing to remove Personal Information it was no longer required to retain pursuant to regulations.

113.    Defendants, through its actions and/or omissions, unlawfully breached its duty to adequately disclose to Plaintiff and the Class the existence and scope of the Data Breach.

114.    But for Defendants' wrongful and negligent breach of duties owed to Plaintiff and the Class, the Personal Information of Plaintiff and the Class would not have been compromised.

115.    There is a close causal connection between Defendant's failure to implement security measures to protect the Personal Information of Plaintiff and the Class and the harm, or risk of imminent harm, suffered by Plaintiff and the Class. The Personal Information of Plaintiff and the Class was stolen as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such Personal Information.

116.    Additionally, Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect Personal Information. The FTC publications and orders described above also form part of the basis of Defendant's duty in this regard.

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

117.   Defendants violated Section 5 of the FTC Act by failing to use reasonable measures to protect Personal Information and not complying with applicable industry standards, as described in detail herein. Defendant's conduct was particularly unreasonable given the nature and amount of Personal Information it collected and stored and the foreseeable consequences of the immense damages that would result to Plaintiff and the Class.

118.   Defendants' violation of Section 5 of the FTC Act constitutes negligence *per se*.

119.   Plaintiff and the Class are within the class of persons that the FTC Act was intended to protect.

120.   The harm that occurred as a result of the Data Breach is the type of harm the FTC Act was intended to guard against. The FTC has pursued enforcement actions against businesses, which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Nationwide Class.

121.   As a direct and proximate result of Defendants' negligence and negligence *per se*, Plaintiff and the Nationwide Class have suffered and will suffer injury, including but not limited to: (i) actual identity theft; (ii) the loss of the opportunity of how their Personal Information is used; (iii) the compromise, publication, and/or theft of their Personal Information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their Personal Information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the present and continuing consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; (vi) costs associated with placing freezes on credit reports; (vii) the continued risk to their Personal Information, which remain in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

adequate measures to protect the Personal Information of Plaintiff and the Nationwide Class; and (viii) present and continuing costs in terms of time, effort, and money that has been and will be expended to prevent, detect, contest, and repair the impact of the Personal Information compromised as a result of the Data Breach for the remainder of the lives of Plaintiff and the Class.

122.   As a direct and proximate result of Defendants' negligence and negligence *per se*, Plaintiff and the Class have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

123.   Additionally, as a direct and proximate result of Defendant's negligence and negligence *per se*, Plaintiff and the Class have suffered and will suffer the continued risks of exposure of their Personal Information, which remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the Personal Information in its continued possession.

124.   As a direct and proximate result of Defendant's negligence and negligence *per se*, Plaintiff and the Class are entitled to recover actual, consequential, and nominal had a duty to exercise reasonable care and protect and secure Plaintiff's and Class Members' Personal Information. This duty exists at common law and is also codified under Federal law (*see*, *e.g.*, FTCA).

## COUNT II

### Breach of Implied Contract In Fact
### On behalf of Plaintiff and the Class

125.   Plaintiff restates and realleges all of the foregoing Paragraphs as if fully set forth herein.

126.   Entertainment Partners required Plaintiff and the Class to provide their personal information, including names and Social Security numbers, as a condition of using its services.

127.   As a condition of using its services, Plaintiff and the Class provided their personal information.  In so doing, Plaintiff and the Class entered into implied contracts with Defendants by which Defendants agreed to safeguard and protect such information, to keep such information secure and confidential, and to timely and accurately notify Plaintiff and the Class if their data had been breached and compromised or stolen.

128.   Plaintiff and the Class fully performed their obligations under the implied contracts with Defendant.

129.   Defendants breached the implied contracts it made with Plaintiff and the Class by (i) failing to implement technical, administrative, and physical security measures to protect the Personal Information from unauthorized access or disclosure (such as encryption of Social Security numbers) despite such measures being readily available, (ii) failing to limit access to the Personal Information to Defendant's employees who needed such information to perform a specific job, (iii) failing to store the Personal Information only on servers kept in a secure, restricted access area, and (iv) otherwise failing to safeguard the Personal Information.

130.   As a direct and proximate result of Defendant's above-described breach of implied contract, Plaintiff and the Class have suffered (and will continue to suffer) ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; loss of the confidentiality of the stolen confidential data; the illegal sale of the compromised data on the dark web; expenses and/or time spent on credit monitoring and identity theft insurance; time spent scrutinizing bank statements, credit card statements, and credit reports; expenses and/or time spent initiating fraud alerts, decreased credit scores and ratings; lost work time; and other economic and non-economic harm.

131.   As a direct and proximate result of Defendant's above-described breach of implied contract, Plaintiff and the Class are entitled to recover actual, consequential,

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1 | and nominal damages.

## **COUNT III**

### **Invasion of Privacy (Electronic Intrusion)**
### **On behalf of Plaintiff and the Class**

132.   Plaintiff restates and realleges all of the foregoing Paragraphs as if fully set forth herein.

133.   Plaintiff and Class Members maintain a privacy interest in their Personal Information, which is private, confidential information that is also protected from disclosure by applicable laws set forth above. Plaintiff's and Class Members' Personal Information was contained, stored, and managed electronically in ENTERTAINMENT PARTNERS's records, computers, and databases that was intended to be secured from unauthorized access to third-parties because it contained highly sensitive, confidential matters regarding Plaintiff's and Class Members' identities, unique identification numbers, and financial records that were only shared with Entertainment Partners for the limited purpose of employment. Additionally, Plaintiff's and Class Members' Personal Information, when contained in electronic form, is highly attractive to criminals who can nefariously use their Personal Information for fraud, identity theft, and other crimes without their knowledge and consent.

134.   ENTERTAINMENT PARTNERS's disclosure of Plaintiff's and Class Members' Personal Information to unauthorized third-parties as a result of its failure to adequately secure and safeguard their Personal Information is offensive to a reasonable person. ENTERTAINMENT PARTNERS's disclosure of Plaintiff's and Class Members' Personal Information to unauthorized third-parties permitted the physical and electronic intrusion into Plaintiff's and Class Members' private quarters where their Personal Information was stored and disclosed private facts about their lives into the public domain.

135.   Plaintiff and Class Members have been damaged by ENTERTAINMENT PARTNERS's conduct, including by incurring the harms and injuries arising from the

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Data Breach now and in the future.

## COUNT IV

### Breach of Confidence
### On behalf of Plaintiff and the Class

136.   Plaintiff restates and realleges all of the foregoing Paragraphs as if fully set forth herein.

137.   At all times during Plaintiff's and Class Members' relationship with Entertainment Partners, Defendants were fully aware of the confidential and sensitive nature of Plaintiff's and Class Members' Personal Information.

138.   As alleged herein and above, Entertainment Partners' relationship with Plaintiff and Class Members was governed by terms and expectations that Plaintiff's and Class Members' Personal Information would be collected, stored, and protected in confidence, and would not be disclosed to unauthorized third parties.

139.   Plaintiff and Class Members provided their Personal Information to Entertainment Partners with the explicit and implicit understandings that Entertainment Partners would protect and not permit Personal Information to be disseminated to any unauthorized parties.

140.   Plaintiff and Class Members also provided their Personal Information to Entertainment Partners with the explicit and implicit understandings that Entertainment Partners would take precautions to protect such Personal Information from unauthorized disclosure.

141.   Entertainment Partners voluntarily received in confidence Plaintiff's and Class Members' Personal Information with the understanding that the Personal Information would not be disclosed or disseminated to the public or any unauthorized third parties.

142.   Due to Entertainment Partners' failure to prevent, detect, or avoid the Data Breach from occurring by, *inter alia*, following industry standard information security practices to secure Plaintiff's and Class Members' Personal Information, Plaintiff's and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Class Members' Personal Information was disclosed and misappropriated to unauthorized third parties beyond Plaintiff's and Class Members' confidence, and without their express permission.

143. As a direct and proximate cause of Entertainment Partners' actions and/or omissions, Plaintiff and Class Members have suffered damages.

144. But for Entertainment Partners' disclosure of Plaintiff's and Class Members' Personal Information in violation of the parties' understanding of confidence, their protected Personal Information would not have been compromised, stolen, viewed, accessed, and used by unauthorized third parties. Entertainment Partners' Data Breach was the direct and legal cause of the theft of Plaintiff's and Class Members' Personal Information, as well as the resulting damages.

145. The injury and harm Plaintiff and Class Members suffered was the reasonably foreseeable result of ENTERTAINMENT PARTNERS's unauthorized disclosure of Plaintiff's and Class Members' Personal Information.

146. As a direct and proximate result of ENTERTAINMENT PARTNERS's breaches of confidence, Plaintiff and Class Members have suffered and will suffer injury, including but not limited to: (i) actual identity theft; (ii) the compromise, publication, and/or theft of their Personal Information; (iii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their Personal Information; (iv) lost opportunity costs associated with effort expended to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from medical fraud, financial fraud, and identity theft; (v) costs associated with placing freezes on credit reports; (vi) the continued risk to their Personal Information, which remain in Entertainment Partners' possession and is subject to further unauthorized disclosures so long as Entertainment Partners fails to undertake appropriate and adequate measures to protect the Personal Information in its continued possession; and (vii) future costs in terms of time, effort, and money that will

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

be expended to prevent, detect, contest, and repair the impact of the Personal Information compromised as a result of the Data Breach for the remainder of the lives of Plaintiff and Class Members.

147.   As a direct and proximate result of Entertainment Partners' breaches of confidence, Plaintiff and Class Members have suffered and will continue to suffer injury and/or harm.

## COUNT V

### Unjust Enrichment
### On Behalf of Plaintiff and the Class

148.   Plaintiff restates and realleges all of the foregoing Paragraphs as if fully set forth herein.

149.   Defendants financially benefited from receiving Plaintiff's and Class Members' Personal Information by its ability to retain and use that information for its own benefit. Defendants understood this benefit.

150.   Defendants also understood and appreciated that Plaintiff's and Class Members' Personal Information was private and confidential, and its value depended upon Defendants maintaining the privacy and confidentiality of that information.

151.   Plaintiff and Class Members conferred a monetary benefit upon Defendants in the form of providing an individuals to perform payroll and other services to, and in connection thereto, by providing their Personal Information to Defendants with the understanding that Defendants would pay for the administrative costs of reasonable data privacy and security practices and procedures. Specifically, they were required to provide Defendants with their Personal Information. In exchange, Plaintiff and Class Members should have received adequate protection and data security for such Personal Information held by Defendant.

152.   Defendants knew Plaintiff and Class Members conferred a benefit which Defendants accepted. Defendants profited from these transactions and used the Personal Information of Plaintiff and Class Members for business purposes.

153.   Defendants failed to provide reasonable security, safeguards, and protections to the Personal Information of Plaintiff and Class Members.

154.   Under the principles of equity and good conscience, Defendants should not be permitted to retain money belonging to Plaintiff and Class Members, because Defendants failed to implement appropriate data management and security measures mandated by industry standards.

155.   Defendants wrongfully accepted and retained these benefits to the detriment of Plaintiff and Class Members.

156.   Defendant's enrichment at the expense of Plaintiff and Class Members is and was unjust.

157.   As a result of Defendant's wrongful conduct, as alleged above, Plaintiff and Class Members are entitled to restitution and disgorgement of all profits, benefits, and other compensation obtained by Defendant, plus attorneys' fees, costs, and interest thereon.

## <u>COUNT VI</u>

**Violation of Unfair Competition Law, California Business and Professional Code Section 17200, et seq.**
**On Behalf of Plaintiff and the Class**

158.   Plaintiff restates and realleges all of the foregoing Paragraphs as if fully set forth herein.

159.   Plaintiff brings this claim on behalf of himself and the Class.

160.   The California Unfair Competition Law, Cal. Bus. & Prof. Code §17200, et seq. ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising, as defined by the UCL and relevant case law.

161.   By reason of Defendant's above-described wrongful actions, inactions, and omissions, the resulting Data Breach, and the unauthorized disclosure of Plaintiff and Class members' Personal Information, Defendants engaged in unlawful, unfair and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

fraudulent practices within the meaning of the UCL.

162.   Defendant's business practices as alleged herein are unfair because they offend established public policy and are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers, in that the private and confidential Personal Information of consumers has been compromised for all to see, use, or otherwise exploit.

163.   Defendant's practices were unlawful and in violation of Civil Code § 1798 et seq. because Defendants failed to take reasonable measures to protect Plaintiff's and the Class Members' Personal Information

164.   Defendant's business practices as alleged herein are fraudulent because they are likely to deceive consumers into believing that the Personal Information they provide to Defendants will remain private and secure, when in fact it was not private and secure.

165.   Plaintiff and the Class members suffered (and continue to suffer) injury in fact and lost money or property as a direct and proximate result of Defendant's above-described wrongful actions, inactions, and omissions including, inter alia, the unauthorized release and disclosure of their Personal Information.

166.   Defendant's above-described wrongful actions, inactions, and omissions, the resulting Data Breach, and the unauthorized release and disclosure of Plaintiff's and Class members' Personal Information also constitute "unfair" business acts and practices within the meaning of Cal. Bus. & Prof. Code § 17200 et seq., in that Defendant's conduct was substantially injurious to Plaintiff and Class members, offensive to public policy, immoral, unethical, oppressive and unscrupulous; the gravity of Defendant's conduct outweighs any alleged benefits attributable to such conduct.

167.   But for Defendant's' misrepresentations and omissions, Plaintiff and Class members would not have provided their Personal Information to Defendants or would have insisted that their Personal Information be more securely protected.

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

168.   As a direct and proximate result of Defendant's above-described wrongful actions, inactions, and omissions, the resulting Data Breach, and the unauthorized release and disclosure of Plaintiff and Class members' Personal Information, they have been injured: (1) the loss of the opportunity to control how their Personal Information is used; (2) the diminution in the value and /or use of their Personal Information entrusted to Defendant; (3) the compromise, publication, and /or theft of their Personal Information; and (4) costs associated with monitoring their Personal Information, amongst other things.

169.   Plaintiff takes upon himself enforcement of the laws violated by Defendants in connection with the reckless and negligent disclosure of Personal Information.  There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees and costs from the recovery in this action.  Therefore, an award of attorneys' fees and costs is appropriate under California Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for judgment as follows:

1.   For an Order certifying the proposed Class pursuant to Federal Rule of Civil Procedure 23 and appointing Plaintiff and his counsel to represent the Class;

2.   For appropriate injunctive relief and/or declaratory relief, including, but not limited to, an order requiring Defendants to immediately secure and fully encrypt all confidential information, to store any computer passwords in a location separate from the computers, to cease negligently storing, handling, and securing Personal Information, to notify those whose Personal Information is wrongly disclosed in an expedient and timely manner and to provide identity theft monitoring for an additional five years;

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

3.   Adjudging and decreeing that Defendants has engaged in the conduct alleged herein;

4.   For compensatory and general damages according to proof on certain causes of action;

5.   For an award of damages, including actual, consequential, nominal, and statutory damages, as allowed by law in an amount to be determined;

6.   For reimbursement, restitution and disgorgement on certain causes of action;

7.   For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

8.   For costs of the proceedings herein;

9.   For reasonable attorneys' fees as allowed by statute; and

10.  For any and all such other and further relief that this Court may deem just and proper, including but not limited to punitive or exemplary damages.

Dated: August 16, 2023                          Respectfully submitted,

                                                **ROBINSON CALCAGNIE, INC.**

                                                */s/ Daniel S. Robinson*
                                                DANIEL S. ROBINSON, ESQ.

                                                Jean S. Martin, Esq.
                                                Francesca K. Burne, Esq.
                                                **MORGAN & MORGAN COMPLEX LITIGATION GROUP**

                                                *Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues in this action so triable of right.

Dated: August 16, 2023

Respectfully submitted,

**ROBINSON CALCAGNIE, INC.**

*/s/ Daniel S. Robinson*
DANIEL S. ROBINSON, ESQ.

Jean S. Martin, Esq.
Francesca K. Burne, Esq.
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**

*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL